UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANDREW L. RICE, *et al.*,

        Plaintiffs,    :

  v.                              Case No. 2:19-cv-504
                                  Judge Sarah D. Morrison
                                  Magistrate Judge Chelsey M.
**VILLAGE OF JOHNSTOWN,**      Vascura
**OHIO,**                            :

        Defendant.

## OPINION AND ORDER

This matter is before the Court on remand from the Sixth Circuit Court of Appeals. (Sixth Circuit Opinion, ECF No. 41, *reported as Rice v. Vill. of Johnstown, Ohio*, 30 F.4th 584 (6th Cir. 2022). *See also* ECF No. 42.) The Court once again considers the parties' cross-motions for summary judgment (Def.'s Mot., ECF No. 27; Pls.' Mot., ECF No. 29)—this time, in a manner consistent with the Circuit Court's mandate. (ECF No. 43 (stating that the Court would "consider the motions . . . previously filed by the parties").) Because the Rice family[1] has shown no interest protected by the Fourteenth Amendment, Defendant Village of Johnstown's Motion for Summary Judgment (ECF No. 27) is **GRANTED** and Plaintiffs the Rice family's (ECF No. 29) is **DENIED**.

---

[1] The Court adopts the naming conventions used in the Sixth Circuit Opinion. (*See* Sixth Circuit Opinion, 2, n.1.)

I.     **BACKGROUND**

On February 18, 2021, this Court issued an Opinion and Order granting summary judgment for Johnstown and finding that the Rice family lacked Article III standing to bring this suit. (Opinion and Order, ECF No. 37.) The Rice family appealed. (ECF No. 39.) The Sixth Circuit issued its decision on April 8, 2022. (Sixth Circuit Opinion.) A majority of the three-judge panel found that the Rice family has Article III standing to bring its claim for money damages. (*Id.*, 13.) The panel unanimously found that the Rice family's claims for declaratory and injunctive relief are moot. (*Id.*, 14, 15.) The Circuit Court remanded the matter for further proceedings consistent with its decision. (*Id.*, 14.)

The undisputed facts are set out in the Court's February 18, 2021 Opinion and Order and the Circuit Court's April 8, 2022 Opinion. They will not be repeated here.

II.     **STANDARD OF REVIEW**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant has the burden of establishing there are no genuine issues of material fact, which may be achieved by demonstrating the nonmoving party lacks evidence to support an essential element of its claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1388–89 (6th Cir. 1993). The burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P.

2

56). When evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

A genuine issue exists if the nonmoving party can present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339–40 (6th Cir. 1993). In other words, "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (concluding that summary judgment is appropriate when the evidence could not lead the trier of fact to find for the non-moving party).

## III. ANALYSIS

The Rice family brings two claims—one under the United States Constitution and another under the Ohio Constitution—for an alleged deprivation of their due process rights.[2] (*See* Compl., ECF No. 1.) Specifically, the Rice family alleges that the manner in which Johnstown delegated authority to the P&Z Commission is constitutionally deficient. (*Id. See also* ECF No. 8, 10.) The Sixth Circuit "clarif[ied] the nature of the Rice family's claim" as follows:

---

[2] The Ohio Supreme Court treats Article 1, Section 16 of the Ohio Constitution as "equivalent to the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *Stolz v. J&B Steel Erectors, Inc.*, 122 N.E.3d 1228, 1232 (Ohio 2018). *See also State v. Anderson*, 68 N.E.3d 790, 794 (Ohio 2016) ("We interpret the Ohio Due Course of Law Clause, Article 1, Section 16, as coextensive with the Due Process Clause of the Fourteenth Amendment to the United States Constitution[.]"). Accordingly, though two claims are pled, they are addressed as one.

3

> Glancing back to the early twentieth century, we find the roots of . . . a third nondelegation doctrine. This one originated with a pair of little-known Supreme Court cases, *Eubank v. Richmond*, 226 U.S. 139 (1912), and *Washington ex rel. Seattle Title Trust Co. v. Roberge*, 278 U.S. 116 (1928). We recently acknowledged the "vital[ity]" of this obscure doctrine and treated it as a species of procedural due process, though we found no violation. *See Kiser v. Kamdar*, 831 F.3d 784, 791 (6th Cir. 2016). This is the doctrine that best fits the Rice family's description of its claim and the facts of this case.

(Sixth Circuit Opinion, 6–7.) The court went on to identify the four "key features" of a claim under the *Eubank* doctrine:

> First, as a due process doctrine, its protection extends only to alleged deprivations of "life, liberty, or property." U.S. Const. amend XIV, § 1; *see also Board of Regents v. Roth*, 408 U.S. 564, 569 (1972) ("The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property.").
>
> Second, nearly all cases invoking this doctrine have involved a delegation of legislative authority to a private party. . . . Only the D.C. Circuit has applied the doctrine (or its close cousin) to a "government entity" (Amtrak), and, even then, the court emphasized Amtrak's "unique" status "as a for-profit corporation." *See Ass'n of Am. R.R. v. U.S. Dep't of Transp.*, 821 F.3d 19, 23, 31 (D.C. Cir. 2016).
>
> Third, the cases have often emphasized that the delegee acted with little or no guidance. In both *Eubank* and *Roberge*, the Court noted that the regulation by private parties was final and that there were no standards by "which the power thus given [was] to be exercised." *Eubank*, 226 U.S. at 143–44; *accord Roberge*, 278 U.S. at 122.
>
> [Fourth], the cases have shown particular concern abut the delegee's self-interest. A delegee whose own interests may be affected by the proceedings might act for "selfish" or "arbitrary" reasons. *Roberge*, 278 U.S. at 122–23; *Eubank*, 226 U.S. at 144; *see also [Carter v. Carter Coal Co.*, 298 U.S. 238, 311 (1936)] (finding that a delegation of regulatory power to "private persons whose interests may be and often are adverse to the interests of others in the same business" violates due process); [*Gen. Elec. Co. v. N.Y. State Dep't of Labor*, 936 F.2d 1448, 1455 (2d Cir. 1991)] (noting that when a legislative body delegates to private parties "without supplying standards," administrative decision-making becomes subject to "the whims of local

4

>> taste" (quoting [*Geo-Tech Reclamation Indus., Inc., v. Hamrick*, 886
>> F.2d 662, 666 (4th Cir. 1989)])); *Ass'n of Am. R.R.*, 821 F.3d at 29
>> (explaining that Amtrak's "naked self-interest compromised their
>> neutrality").

(*Id.*, 8–9.) With the claim's contours now clearly established and forming the law of the case[3], the Court proceeds to the merits.

Johnstown argues that it is entitled to judgment as a matter of law because the Rice family does not have a property or liberty interest protected by the Due Process Clause. The Court agrees. "Governmental action may be challenged as a violation of due process only when it may be shown that it deprives a litigant of a property or a liberty interest." *Gen. Elec. Co.*, 936 F.2d at 1453. That showing is therefore a "constitutional threshold[.]" *Id. See also* U.S. CONST. amend. XIV § 1 ("[N]or shall any State deprive any person of life, liberty, or property, without due process of law[.]").

"'Liberty' and 'property' are broad and majestic terms." *Roth*, 408 U.S. at 571. But for the terms to have "some meaning[,]" they must be subject to "certain boundaries." *Id.* There is no allegation or argument that the Rice family's liberty interests are implicated in the present action. In *Roth*, the Supreme Court traced the boundaries of property interests protected by the Fourteenth Amendment:

---

[3] This Court previously denied Johnstown's motion to dismiss. (ECF No. 18.) The Rice family now argues that certain findings and statements within the Court's order are "the law of the case." (*See* ECF No. 30, 2.) Not so. "[T]he law-of-the-case doctrine is confined to circumstances in which the district court is evaluating issues already decided by an appellate court, and does not bind district courts in reevaluating its own determinations." *U.S. ex rel. Holbrook v. Brink's Co.*, 336 F. Supp. 3d 860, 867 (S.D. Ohio 2018) (Marbley, J.) (citing *McKenzie v. BellSouth Telecomms., Inc.*, 219 F.3d 508, 513 (6th Cir. 2000)).

5

> To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it. . . .
>
> Property interests, of course, are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.

*Id.* at 577. So, to determine whether the Rice family has a protected property interest in re-zoning its farm as a Johnstown PUD, the Court asks whether they had a legitimate claim of entitlement to that outcome. The answer is no.

The Sixth Circuit has held that "a party cannot possess a property interest in the receipt of a benefit when the state's decision to award or withhold the benefit is wholly discretionary." *Med Corp., Inc. v. City of Lima*, 296 F.3d 404, 409 (6th Cir. 2002) (citation omitted). In other words, if the government "has unconstrained discretion to deny the benefit, a prospective recipient of that benefit can establish no more than a 'unilateral expectation' to it." *Id.* at 410 (quoting *Roth*, 408 U.S. at 577). For a re-zoning applicant "to establish a property right in a future, rezoned land use, [he] must point to some policy, law, or mutually explicit understanding that both confers the benefit and limits the discretion of the [government] to rescind the benefit." *Braun v. Ann Arbor Charter Twp.*, 519 F.3d 564, 573 (6th Cir. 2008) (internal quotation, citation, and alteration omitted). *Cf. EJS Props., LLC v. City of Toledo*, 698 F.3d 845, 856 (6th Cir. 2012) (explaining that owners of real property have a protected "interest in a discretionary benefit, such as a re-zoning ordinance" only "*after* it is conferred") (emphasis added).

6

The record before the Court reflects that the Rice family had, at best, a unilateral expectation for their farm to be rezoned as a Johnstown PUD. As Judge Batchelder pointed out,

> [n]othing in Johnstown's Planning and Zoning Code requires approval of the plan and application as a matter of course. [(*See* ECF No. 29-5.)] Furthermore, nothing in the record suggests that Johnstown promised [the Rice family] success in getting their property rezoned. In fact, a letter from Johnstown to [the Rice family] made it clear that Johnstown cannot guarantee approval of their rezoning application or their annexation petition. [(*See* ECF No. 28-2.)]

(Sixth Circuit Opinion, 18 (footnote omitted).) Accordingly, the Rice family fails to succeed on the threshold question. The Court's analysis stops there.

## IV.     CONCLUSION

For the reasons set forth above, the Village of Johnstown's Motion for Summary Judgment (ECF No. 27) is **GRANTED**. The Rice family's Partial Motion for Summary Judgment (ECF No. 29) is, accordingly, **DENIED**. The Clerk is **DIRECTED** to **TERMINATE** this case.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**